UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
LEE MASONRY PRODUCTS, INC. Plaintiff,

v. CASE NO. 3:13-cv-958-CHL

FORREST B. WHITE, Jr. MASONRY, INC. et al., Defendant.

Memorandum Opinion and Order

I. Introduction

Lee Masonry Products Inc. ("Lee Masonry") filed this lawsuit against Forrest B. White, Jr. Masonry, Inc. ("White Masonry"); ACC Construction, Co., Inc. ("ACC Construction"); and Liberty Mutual Insurance Company ("Liberty Mutual"). In general, Lee Masonry alleges that White Masonry failed to pay for materials it bought for a construction project at Fort Knox, and ACC Construction and Liberty Mutual are jointly and severally liable for White Masonry's failure to pay.

White Masonry, ACC Construction, and Liberty Mutual asserted a set-off defense in response to Lee Masonry's allegations. Now, Liberty Mutual and ACC Construction seek to disallow Lee Masonry from using its agreed judgment with White Masonry against them.

The parties consented to magistrate judge jurisdiction. Order Oct. 26, 2015 (DN 52). For the reasons below, the Court will deny the motion to disallow.

II. The agreed judgment

Count I of Lee Masonry's amended complaint alleges that White Masonry failed to pay Lee Masonry $105,804.32 for construction materials used in a construction project at Fort Knox. Compl. 4 (DN 1). Count II of Lee Masonry's amended complaint alleges that ACC

Construction, who served as general contractor on the project, and Liberty Mutual, as surety for the project, are jointly and severally liable for the alleged unpaid invoice in Count I. *Id.* at 5 – 6.

White Masonry asserted the affirmative defense of setoff and counterclaimed. Answer & Countercl. 2 – 3 (DN 6). White Masonry's counterclaim alleges that Lee Masonry had an outstanding balance of $110,000.00 on its account with White Masonry. *Id.* at 3.

Count III of Lee Masonry's amended complaint alleges that White Masonry is liable for failure to pay for materials in the amount of $58,697.51. Am. Compl. 1 – 2 (DN 23). Count IV of Lee Masonry's amended complaint alleges that White Masonry is liable for unpaid invoices in the amount of $41,821.08. *Id.* at 2 – 3.

The Court previously entered an agreed judgment between Lee Masonry and White Masonry. Agr. J. (DN 44). The Court awarded Lee Masonry a judgment against White Masonry for Count III of the amended complaint for $58,697.51 and $41,821.08 for Count IV. *Id.* at 1 – 2. The agreed judgment also said,

> In accordance with and in reference to Counts I and II of the original Complaint filed herein on October 7, 2013 (Document 1) all rights, claims, defenses and interest of the Plaintiff, [LEE MASONRY] and the Defendants, [WHITE MASONRY, ACC CONSTRUCTION, AND LIBERTY MUTUAL] are hereby specifically reserved.

*Id.* at 2.

III. Whether Lee Masonry waived its setoff defense

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c).

Generally, a party waives an affirmative defense by failing to plead it in its answer. However, when an opposing party is on notice of a party's intent to use an affirmative defense, the party asserting the affirmative defense does not waive it by failing to include it in its answer. *Seals v. General Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).

Lee Masonry did not specifically plead setoff as an affirmative defense in its answer. Defs.' Mem. Supp. Mot. Disallow 4 (DN 50-1); Pl.'s Resp. Mot. Disallow 7 (DN 55). ACC Construction and Liberty Mutual say they are "essentially put in the position of defending against a theoretical claim which is not actually pled before the Court." Defs.' Mem. 4.[1]

Here, ACC and Liberty Mutual were on notice of Lee Masonry's intent to use the affirmative defense of setoff for White Masonry's counterclaim because they moved to exclude Lee Masonry from asserting it against White Masonry.

Therefore, having found that ACC Construction and Liberty Mutual were on notice of Lee Masonry's affirmative defense of setoff, the Court will address the merits of ACC Construction's and Liberty Mutual's motion.

IV. Whether the Court should disallow Lee Masonry from using the agreed judgment against ACC Construction and Liberty Mutual

ACC Construction and Liberty Mutual move to disallow Lee Masonry from using the agreed judgment between Lee Masonry and White Masonry as a setoff against White Masonry's counterclaim. Defs.' Mot. Disallow (DN 50).

"In general, offset or setoff refers to a procedural device by which a party may seek to reduce the amount owed to an opponent party by the value of the opponent's cross-obligations to that party." *United States v. York*, 909 F.Supp. 4, 9 (D.D.C. 1995). Setoff "refers to the balancing of obligations that the parties incurred in wholly separate transactions." *Nashville Lodging Co. v. Resolution Tr. Corp.*, 59 F.3d 236, 246 (D.C. Cir. 1995). "The right of set-off is

[1] Lee Masonry says, "Should the Court so instruct, Lee Masonry would respectfully agree to file an Amended Answer to include the set-off defense so that ACC [Construction] and [Liberty Mutual] are not 'put in the position of defending against a theoretical claim which is not actually been pled before the Court.'" Pl.'s Resp. 7 (quoting Defs.' Mem. 4) (brackets added).

It is not the Court's role to instruct parties to amend their pleadings. Should counsel for Lee Masonry move to amend its answer, the Court will entertain that motion after it is filed.

within the equitable power of a court to offset mutual debts running between two parties." *Capuano v. United States*, 955 F.2d 1427, 1429 – 30 (11th Cir. 1992).

The Court exercises its discretion in denying a set-off according to the principles of equity. *Brunswick Corp. v. Clements*, 424 F.2d 673, 675 (6th Cir. 1970). "Thus, where justice and equity dictate that a setoff be denied, it must be." *Id.*

ACC and Liberty Mutual argue that Lee Masonry should not be allowed to use the agreed judgment to counter ACC Construction and Liberty Mutual's set-off defense. They argue,

> Beyond cavil, it cannot be asserted that ACC and Liberty have [not] reasonably and detrimentally relied on White Masonry's repeatedly stated position that its defense to Lee Masonry's claims were based in White Masonry's set-off defense. Moreover, all parties have clearly and consistently been on notice that ACC and Liberty were relying on White Masonry's defense. It is further clear from the facts and circumstances of this case that White Masonry has encouraged this reliance and has dedicated its Counterclaim/set-off defense to the amounts it may owe on the MOUT Project.
>
> Most importantly, Lee Masonry has acknowledged the course of dealing between it and White Masonry to exchange credits. Further, it does not dispute that it has given such credit for the MOUT project, in particular. Thus, the question is not should such credits be allowed. Rather, the question is how much of a credit is ACC and Liberty entitled to apply to Lee Masonry's claim.

Defs.' Mem. 4 (brackets added).

ACC Construction and Liberty Mutual cited three cases in their memorandum, none of which provide guidance in how to balance the equities in a Miller Act lawsuit. *See York*, 909 F.Supp. at 9 (holding that government did not have authority to offset judgment debtor's insurance proceeds); *Clements*, 424 F.2d at 676 (vacating a setoff order arising out of bankruptcy); *Blount v. Windley*, 95 U.S. 173, 176 – 77 (1877) (discussing the common-law tradition of setoff).

Lee Masonry responds that it is entitled to a setoff defense against White Masonry's counterclaim and that ACC and Liberty Mutual are the parties who are not entitled to the use of a

set-off defense.[2] Pl.'s Resp. Opp. 5 – 6 (DN 55). Lee Masonry argues that the offset defense "refers to a procedural device by which a party may seek to reduce the amount owed to an opponent party by the value of the opponent's *cross-obligation to that party*." *Id.* at 5. Lee Masonry emphasizes that courts have disallowed the use of the offset defense when the party owing the debt is not the beneficial owner of the credit. *Id.* at 6. Further, Lee Masonry points to the agreed judgment itself, in which Lee Masonry reserved its rights and defenses for Counts I and II. *Id.* at 7.

Here, ACC Construction and Liberty Mutual have not shown that the equities favor disallowing Lee Masonry from using the agreed judgment as a setoff against White Masonry's counterclaim. Assuming that ACC Construction and Liberty Mutual reasonably relied on and adopted White Masonry's setoff defense, that reliance has little to do with whether Lee Masonry can assert its own setoff defense. Further, Lee Masonry's acknowledgement of the course of dealing between itself and White Masonry over the exchange of credits has to do with its relationship with White Masonry, not ACC Construction or Liberty Mutual. Ultimately, ACC Construction and Liberty Mutual have not shown that a balance of the equities requires the Court to disallow Lee Masonry from using the agreed judgment as a setoff for White Masonry's counterclaim.

---

[2] Lee Masonry did not move to disallow ACC and Liberty Mutual from adopting White Masonry's setoff defense.

At least one court of appeals has held that a general contractor cannot assert a setoff defense in a Miller Act case in the absence of privity. *U.S. for Use and Benefit of Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.*, 750 F.2d 759, 762 (9th Cir. 1984); *but see, United Structures of America, Inc. v. G.R.G. Eng'g, S.E.*, 9 F.3d 996, 1000 (1st Cir. 1993) (Breyer, C.J.) (holding that a general contractor may assert a recoupment defense in a Miller Act lawsuit).

Accordingly, the Court **DENIES** the motion to disallow Lee Masonry from using the agreed judgment as a setoff defense (DN 50).

cc: Counsel of record

October 28, 2016

**Colin Lindsay, MagistrateJudge**
**United States District Court**