UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
LEE BRICK PRODUCTS, INC.                                                                          Plaintiff,

v.                                                                             CASE NO. 3:13-cv-958-CHL

FORREST B. WHITE, Jr. MASONRY, INC., et al.,                                   Defendants,

### Memorandum Opinion and Order

The Court previously granted summary judgment in favor of Lee Brick Products, Inc. ("Lee Brick") and entered judgment against Forrest B. White Masonry, Inc. ("White Masonry"); ACC Construction, Company, Inc. ("ACC Construction"); and Liberty Mutual Insurance Company ("Liberty Mutual"). (DNs 71 & 72.)

Now, ACC Construction and Liberty Mutual move to vacate that decision and to alter or amend the Court's entry of judgment. (DN 74.) White Masonry did not join in the motion. Lee Brick did not respond to ACC Construction's and Liberty Mutual's motion to vacate. For the reasons below, the Court will grant in part and deny in part the motion.

### Legal Standard

A decision on a motion to alter or amend a judgment is within the Court's "considerable" discretion. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). The Court may grant a Rule 59(e) motion for "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.*

**Analysis**

**I.**

ACC Construction and Liberty Mutual argue that the Court committed clear error. (DN 74-1, #636.) Specifically, ACC Construction and Liberty Mutual argue that the Court erred in granting summary judgment to Lee Brick after finding that a genuine dispute of material fact existed as to their statute of limitations defense. (*Id.*) ACC Construction and Liberty Mutual also argue that the Court improperly weighed evidence at the summary judgment stage. (*Id.*)

ACC Construction and Liberty Mutual have not shown that the Court committed clear error. ACC Construction and Liberty Mutual argued that the statute of limitations barred Lee Brick's claim against them. The Court denied summary judgment to them after finding that a "genuine dispute of material fact as to whether Lee Brick supplied materials pursuant to the original contract or for remedial purposes after October 7, 2012." (DN 71, #625 – 26.) ACC Construction and Liberty Mutual have not shown how that finding, which related only to their own motion for summary judgment on Lee Brick's claims against them, precludes entry of summary judgment on White Masonry's counterclaim when White Masonry did not offer any evidence in support of its counterclaim. And, ACC Construction and Liberty Mutual have not shown that the Court clearly erred by weighing evidence at the summary judgment stage. In particular, ACC Construction and Liberty Mutual have not shown how a finding of a factual dispute relating to their statute of limitations defense, which they relied on as a defense to Lee Brick's claims, means that the Court clearly erred in holding that, "*Celotex* in particular mandates the entry of summary judgment against White Masonry on its counterclaim because White Masonry has the burden of proving its counterclaim at trial, and White Masonry has offered no evidence in support of its counterclaim." (*Id.*, #627 – 28.)

## II.

As an alternative argument, ACC Construction and Liberty Mutual ask the Court to amend the post-judgment interest rate award. (DN 74-1, #638.) They argue that federal law governs post-judgment interest, and the Court erred in awarding post-judgment interest above the applicable statutory rate. (*Id.*) The Court agrees.

In *Riddle*, the plaintiffs appealed a district court's award of postjudgment interest pursuant to 28 U.S.C. § 1961. *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005). The plaintiffs asked the court of appeals to hold that a district court sitting in diversity should award postjudgment interest pursuant to state law. *Id.* The court of appeals rejected this argument and held that the "district court did not err in applying the federal rate of interest." *Id.* Rather, "[i]n diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest." *Id.* Accordingly, the Court erred in awarding postjudgment interest at the state law rate.

The statute says, "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961. The date of judgment in this matter was May 8, 2017. The calendar week preceding the date of judgment was May 5, 2017. Thus, the applicable postjudgment interest rate is 4%.[1] The Court will amend the postjudgment interest rate set forth in the final judgment to 4% in accordance with federal law.

---

[1] *See* BOARD OF GOVERNORS OF FEDERAL RESERVE SYSTEM, SELECTED INTEREST RATES – H.15 DATA DOWNLOAD PROGRAM https://www.federalreserve.gov/releases/h15/h15_technical_qa.htm.

**Order**

The Court **GRANTS in part and DENIES in part** ACC Construction and Liberty Mutual's motion to vacate, alter, or amend the judgment (DN 74). The Court **grants** the motion **in part** as to the applicable postjudgment interest rate, but **denies** the remainder of the motion to alter or vacate. The Court will enter an amended final judgment in accordance with this opinion.