UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
LEE BRICK PRODUCTS, INC.                                                                           Plaintiff,

v.                                                                              CASE NO. 3:13-cv-958-CHL

FORREST B. WHITE, Jr. MASONRY, INC., et al.,                                           Defendants,

## Memorandum Opinion and Order

Lee Brick Products, Inc. ("Lee Brick") filed its bill of costs. (DN 73.) No objection was filed.

Federal Rule of Civil Procedure 54(d) says, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)'s definition of "costs" is the same definition of "costs" used in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987); *see also*, *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 1999 (2012) ("The costs that may be awarded to prevailing parties in lawsuits brought in federal court are set forth in 28 U.S.C. § 1920.") Without "explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." 482 U.S. at 445.

Under Section 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Additionally, under Section 1924,

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

*Id.* § 1924.

Lee Brick asks the Court to tax $1,066.36 in total costs. (DN 73.) This includes $31.91 for "SOP fees/certified mail;" $634.45 for the "2/27/2015 depositions of Forrest and Allen White;" and $400 for the filing fee. (*Id.*) The Court assumes that "SOP fees" means service of process fees. Lee Brick's attorney, John Menefee, attached an affidavit in which he said, "that the items set forth in the above Bill of Costs are correct and have been necessarily incurred by the Use Plaintiff in this case and the services for which fees have been charged were actually and necessarily performed." (*Id.*) Forrest B. White, Jr. Masonry, Inc; ACC Construction Co., Inc.; and Liberty Mutual Insurance Company (together, the "Defendants") did not object to Lee Brick's bill of costs.

The Court will tax the Defendants $400 for the Clerk's filing fee. *See* Court Fees, http://www.kywd.uscourts.gov/court-fees. The Court finds that the $400 filing fee is taxable as costs under 28 U.S.C. § 1920(1).

The Court declines to tax the Defendants $31.91 for service of process fees or fees for certified mail. The statute provides no mechanism for taxing as costs fees incurred with certified

mail, and Lee Brick did not attach receipts or invoices that would shed light on how much it spent on certified mail *vis a vis* its service of process fees.

Likewise, the Court declines to tax the Defendants $634.45 for the February 2015 depositions of Forrest and Allen White. The bill of costs does not indicate whether the $634.45 was incurred as a fee for printing or electronically recording Forrest and Allen White's deposition transcripts. Lee Brick did not attach a receipt or invoice that would indicate whether $634.45 was incurred as a fee for printing or electronically recording deposition transcripts. Ultimately, Lee Brick's submission is insufficient to support a finding that $634.45 was necessarily incurred for printing or electronically recording transcripts.

Accordingly, the Court **ORDERS** as follows:

The Court **TAXES** the Defendants **$400.00** in costs for the filing fee. The Court declines to tax the Defendants the remainder of the costs asserted in Lee Brick's bill of costs.